# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **KARLA RUIZ and ROLANDO GONZALEZ,** | Case No.: |
| **PLAINTIFFS,** | |
| vs. | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND PROCOLLECT, INC.,** | **JURY TRIAL DEMAND** |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFFS, KARLA RUIZ AND ROLANDO GONZALEZ, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for their Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and for

violation of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq*. [hereinafter "FDCPA"]).

## VENUE

3. Venue is proper in the Southern District of Texas, Houston Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiffs are a natural person residing in City of Houston, Harris County, Texas.

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Texas;

   b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Texas;

   c. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Texas; and

   d. Procollect, Inc. ("Procollect") is a domestic corporation that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. On May 11, 2019, Plaintiffs signed two residential leases with Gulf Stream Manor Phase 2 Homes, LLC ("Creditor"). Each lease was for a twelve-month

term ending on April 30, 2020. One lease was for the use of a manufactured home for $605 per month and the other was for the lease of the lot upon which the home sat for $345 per month.

7. On March 2, 2020, Plaintiffs gave written notice to the Creditor of their intent to not renew the leases. Plaintiffs fulfilled their obligations under the lease in every respect.

8. Nevertheless, the Creditor has unilaterally and incorrectly assessed a raft of charges that were never incurred by the Plaintiffs and were for periods that were assessed after the termination and satisfaction of the Plaintiffs' lease obligation which terminated on April 30, 2020. These improper charges include:

Lot Lease

| Date | Item | Charge |
|---|---|---|
| 5/1/2020 | Recurring charge | $ 40.00 |
| 5/1/2020 | Lot rent | $ 345.00 |
| 6/1/2020 | Recurring charge trash | $ 20.00 |
| 6/1/2020 | Recurring charge | $ 40.00 |
| 6/1/2020 | Lot Rent | $ 345.00 |
| 6/1/2020 | EFT Convenience Fee | $ 1.00 |

House Lease

| Date | Item | Charge |
|---|---|---|
| 5/1/2020 | House Lease | $ 605.00 |
| 6/1/2020 | House Lease | $ 605.00 |
| 6/1/2020 | EFT convenience Fee | $ 1.00 |
| | | $ 2,002.00 |

9. Procollect is a debt collector, attempting to collect this bogus debt that was allegedly incurred for personally, family or household use, on behalf of the Creditor. Procollect is reporting a collection item ("Collect Item") on Plaintiffs' Trans Union, and Experian (the "CRAs") credit disclosures with an erroneous balance of $2,073.

10. The Collection item is false as it contains charges that were never the Plaintiff's obligation to pay.

11. In June 2021, Plaintiff Karla obtained her Experian and Trans Union credit disclosures and noticed the Collection Item.

12. In July 2021, Plaintiff Rolando obtained his Equifax, Trans Union and Experian credit disclosures and noticed the Collection Item.

13. On August 6, 2021, Plaintiff Karla, through her attorney, Credit Repair Lawyers of America, submitted a letter to the CRAs disputing the Collection Item. In her dispute letter, Plaintiff Karla explained the balance comprising the Collection Item is false and detailed the items above as having been charged after the termination of the lease and not being the Plaintiff's obligation. Plaintiff Karla also attached supporting documents to her dispute letter proving that these charges were not her obligation.

14. On September 24, 2021, Plaintiff Rolando, through his attorney, Credit Repair Lawyers of America, submitted a letter to the CRAs disputing the Collection Item. In his dispute letter, Plaintiff Rolando explained the balance comprising the Collection Item is false and detailed the items above as having been charged after the termination of the lease and not being the Plaintiff's obligation. Plaintiff Rolando also attached supporting documents to her dispute letter proving that these charges were not his obligation.

15. The CRAs forwarded Plaintiffs' consumer dispute to Procollect.

16. Procollect received Plaintiffs' consumer dispute from the CRAs and yet, incorrectly verified the Collection Item as correct.

17. On September 20, 2021, Plaintiff Karla obtained her credit disclosure from Trans Union which showed that the Trans Union and Procollect failed or refused to report the correct balance.

18. On September 21, 2021, Plaintiff Karla obtained her credit disclosure from Experian which showed that Experian and Procollect failed or refused to report the correct balance.

19. On November 14, 2021, Plaintiff Rolando obtained his credit disclosures from Equifax and Trans Union which showed that the Equifax, Trans Union and Procollect failed or refused to report the correct balance.

20. On November 16, 2021, Plaintiff Rolando obtained his credit disclosure from Experian which showed that the Experian and Procollect failed or refused to report the correct balance.

21. The Collection Item is false and misleading as Plaintiffs owes nothing to the Creditor and has fulfilled her entire obligation to it. It is also depressing their credit score making it harder for them to obtain consumer credit opportunities such as housing, cars and jobs.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with their respective obligations under Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), and as a direct and proximate cause of Procollect's violation of the FDCPA, Plaintiffs have suffered credit and emotional damages. Plaintiffs have also experienced undue stress, humiliation, embarrassment, and anxiety due to their failure to correct the errors in their credit files.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT, INC.**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by CRAs of Plaintiff's consumer dispute of the False Tradeline, Procollect negligently failed to conduct a proper investigation of Plaintiffs' dispute as required by 15 USC 1681s-2(b).

25. Procollect negligently failed to review all relevant information available to it and provided by CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to report the correct balance.

26. The False Tradeline is inaccurate and creating a misleading impression on Plaintiffs' consumer credit file with CRAs to which it is reporting such tradeline.

27. As a direct and proximate cause of Procollect's negligent failure to perform its duties under the FCRA, to correct the False Tradeline, Plaintiffs' has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Procollect is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiffs have a private right of action to assert claims against Procollect arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFFS PRAYS** that this court grants them a judgment against the Defendant Procollect for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT, INC.**

30. Plaintiffs realleges the above paragraphs as if recited verbatim.

31. After being informed by CRAs that Plaintiff disputed the accuracy of the information it was providing, Procollect willfully failed to conduct a proper reinvestigation of Plaintiffs' dispute, and willfully failed to direct CRAs report the correct balance.

32. Procollect willfully failed to review all relevant information available to it and provided by CRAs as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Procollect's willful failure to perform its duties under the FCRA, Plaintiffs have suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Procollect is liable to Plaintiff for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs they may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAYS** this court grants them a judgment against the Defendant Procollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

35. Plaintiffs realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

37. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

39. After receiving Plaintiffs' consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAYS** this court grants them a judgment against Defendant Experian for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

42. Plaintiffs realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

46. After receiving Plaintiffs' consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants them a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

49. Plaintiffs realleges the above paragraphs as if recited verbatim.

50. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

52. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

53. After receiving Plaintiffs' consumer dispute to the False Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Trans Union is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

   **WHEREFORE, PLAINTIFFS PRAYS** this court grants them a judgment against Defendant Trans Union for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

56. Plaintiffs realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

59. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 USC 1681e(b).

60. After receiving Plaintiffs' consumer dispute to the False Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants them a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

63. Plaintiff Rolando realleges the above paragraphs as if recited verbatim.

64. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

65. Such reports contained information about Plaintiff Rolando that was false, misleading, and inaccurate.

66. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff Rolando, in violation of 15 USC 1681e(b).

67. After receiving Plaintiff Rolando's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff Rolando has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Equifax is liable to Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAYS** this court grants Plaintiff Rolando a judgment against Defendant Equifax for damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

70. Plaintiff Rolando realleges the above paragraphs as if recited verbatim.

71. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff Rolando as the term is defined in 15 USC 1681a.

72. Such reports contained information about Plaintiff Rolando that was false, misleading, and inaccurate.

73. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff Rolando, in violation of 15 USC 1681e(b).

74. After receiving Plaintiff Rolando's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff Rolando has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Equifax is liable to Plaintiff Rolando by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants Plaintiff Rolando a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PROCOLLECT, INC.**

77. Plaintiffs reincorporates the preceding allegations by reference.

78. At all relevant times Procollect, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

79. Plaintiffs are a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

80. Procollect is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

81. Procollect's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of a debt after Plaintiffs informed Procollect of the inaccurate balance amount on the account; and
    b. 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false, including failure to accurately report the account balance after being asked to so by Plaintiffs.
82. To date, and a direct and proximate cause of the Procollect's failure to honor its statutory obligations under the FDCPA, the Plaintiffs have continued to suffer from stress and irritation.
83. Plaintiffs have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT** enter judgment in favor of them and against Procollect for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by the Fair Debt Collection Practices Act.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: November 23, 2021

By:<u>*/s/ Michael B. Halla*</u>
  Michael B. Halla, Esq.
  Attorney at Law
  Texas State Bar No. 00793128
  187 Rolling Court,
  Lancaster, Texas 75146
  Telephone: (469) 518.0872
  Facsimile:  (214) 540.9333
  email: <u>mhalla@hallalawfirm.com</u>

  *Attorneys for Plaintiff,*
  *Karla Ruiz and Rolando Gonzalez*