United States District Court
Southern District of Texas
**ENTERED**
March 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA RUIZ *and* ROLANDO GONZALEZ, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-21-3851 |
| v. | § § | |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and PROCOLLECT, INC, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Karla Ruiz and Rolando Gonzalez sued ProCollect and three credit reporting agencies under the Federal Credit Reporting Act ("FCRA") and Federal Debt Collection Practices Act ("FDCPA"). The plaintiffs settled their claims with the three credit reporting agencies. In December 2023, the court conducted a bench trial on the claims against ProCollect. (Docket Entry Nos. 97–100). At the conclusion of the trial, the court stated its findings of fact and conclusions of law on the record, including the following:

> Under 1692e(2)(A), the debt collector may not be held liable if they can show a bona fide error. ProCollect has shown by a preponderance of the evidence that it was reasonable in relying on the debt reported by the creditor, and in its follow-up efforts. For the reasons stated in detail on the record, the court finds that ProCollect cannot be held liable for the alleged violation of 1692e(2)(A). Under 1681s-2(b), the court finds that ProCollect was not obligated to carry out any further investigation beyond that which it performed. The court reconsiders its prior ruling at summary judgment, Docket Entry No. 82, and finds ProCollect is not liable under 1681s-2(b).

(Docket Entry No. 100). The court briefly restates its conclusions of law below and separately enters final judgment denying the plaintiffs' claims against ProCollect.

I.      **Factual Background**

This case involves the lease of a trailer home and lot in Lake Charles, Louisiana by Karla Ruiz and Rolando Gonzalez. The lease ran from May 11, 2019, through April 30, 2020. In March 2020, the plaintiffs notified the landlord's property manager that they would vacate the property at the end of the lease term, April 30, 2020. A few days later, the property manager emailed the plaintiffs and other tenants that the management offices would be closed because of the Covid-19 pandemic. Gonzalez testified that the property manager told them to put the key in the office drop box in an envelope labeled with their names, unit number, and lot number. He testified that he and Ruiz rented a moving truck, moved out, and returned the keys on April 23, 2020. Ruiz and Gonzalez did not request a move-out inspection, did not document when they moved out and turned in the keys, and provided no other notice to the landlord or property manager. As the property manager's email had stated, no representative of the property manager or landlord was in the office because of Covid-19, so no one from the leasing office knew when the keys had been returned and the unit and lot vacated.

The landlord's files showed a move-out date of May 31, 2020, and the landlord charged rent and related charges for both May and June based on a one-month holdover tenancy. These charges totaled $2,072.80. In July 2020, the property manager engaged ProCollect to collect the debt. The property manager provided ProCollect with the home lease, the lot lease, and the property manager's general ledger entries for both the unit and lot leases.

In October 2020, Gonzalez contacted ProCollect to dispute the debt. ProCollect noted that the debt was disputed and informed the credit reporting agencies at the beginning of the following month, when ProCollect customarily provided information to credit reporting agencies. In November 2020, Gonzalez emailed the leases and lease termination notice to ProCollect to show

2

that he and Ruiz did not owe rent for the "holdover" month because they had already moved out. Ruiz and Gonzalez did not send any records related to the actual move-out, such as the receipt for the U-Haul they rented to vacate the premises or the receipt for the storage unit where they put their belongings. ProCollect reviewed the documents and information that Ruiz and Gonzalez provided, in accordance with its policies and procedures, and determined that the records did not prove that the plaintiffs had moved out. ProCollect continued to request payment of the debt.

## II. No Liability Under 15 U.S.C. § 1692e

15 U.S.C. § 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k. A collection letter is not "false or misleading in stating that full collection activity will continue until the debt was paid in full" simply because the debtor might dispute the debt under § 1692g. *Peter v. GC Servs. L.P.*, 310 F.3d 344, 350 (5th Cir. 2002).

"[I]f a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors. On the other hand, the bona fide error defense will not shield a debt collector whose reliance on the creditor's representation is unreasonable or who represents to the consumer a debt amount that is different from the creditor's report." *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006). Courts have denied 1692e claims where the plaintiff's "real complaint seems to be with [the creditor] and the charges it imposed on [them]." *Palmer v. ProCollect, Inc.*, No. 6:19-CV-82, 2020 WL 4677570, at *5 (E.D. Tex. May 5, 2020).

In *Clark*, the debt collector's investigator noted that the creditor had bookkeeping problems and so the reported debt could have been inaccurate. But the plaintiffs showed no such problems with the leasing agency here. The evidence presented by the plaintiffs at trial showed that the leasing agency may have failed to properly determine whether plaintiffs moved out. But the plaintiffs did not show that the leasing agency had a reputation for such errors, or that the debt collector had any notice of repeated errors by the leasing agency. ProCollect showed by a preponderance of the evidence that its reliance on the debt reported by the landlord was reasonable, and that ProCollect engaged in all necessary follow-up actions, including checking the lease.

The plaintiffs further failed to show liability under 15 U.S.C. § 1692e(8) by a preponderance of the evidence. ProCollect did not falsely communicate or threaten to communicate to any person credit information which was known or should have been known to be false, because ProCollect reasonably relied on the landlord's representations regarding the debt. ProCollect did not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and so did not violate 15 U.S.C. § 1692e(10).

ProCollect is not liable to the plaintiffs under 15 U.S.C. § 1692e.

### III. No Liability Under 15 U.S.C. § 1681s-2(b)

The Fair Credit Reporting Act also imposes duties on those who furnish information to consumer reporting agencies when credit information is disputed. 15 U.S.C. § 1681s-2(b)(1). After receiving notice of a dispute "with regard to the completeness or accuracy of any information," *id.*, the information provider "shall . . . conduct an investigation with respect to the disputed information." *Id.* "A furnisher is not required to investigate a direct dispute if the furnisher has

4

reasonably determined that the dispute is frivolous or irrelevant[,]" including if "[t]he consumer did not provide sufficient information to investigate the disputed information." 12 C.F.R. § 1022.43(f)(1)(i).

Prior to the bench trial, the court granted judgment to the plaintiffs on liability under § 1681s on the basis that ProCollect did not independently investigate the dispute after the plaintiffs provided the 30-day lease termination notice to ProCollect in November. (Docket Entry No. 82). At trial, ProCollect urged the court to reconsider this question in light of the facts provided at trial, including ProCollect's showing that the plaintiffs only provided documents showing that they turned in a thirty days' notice to move out and did not provide any document to ProCollect showing that they had actually moved out of the property.

On this basis, the court found that ProCollect was not obligated to conduct an independent investigation. *See Palmer v. ProCollect, Inc.*, No. 6:19-CV-82, 2020 WL 4677570, at *4 (E.D. Tex. May 5, 2020) (no liability where ProCollect "followed its policies and procedures by investigating the dispute and confirming the validity of the debt with [creditor]" rather than conducting an independent investigation); *Chambers v. Habitat Co.*, 68 F. App'x 711, 715 (7th Cir. 2003) (no liability for defendant under 1681s-2(b) where "the real issue is whether [the plaintiff] is liable" for the debt[.]"). The plaintiffs therefore failed to show by a preponderance of the evidence any liability for ProCollect under 1681s-2(b).

## IV. Conclusion

The court finds by a preponderance of the evidence that ProCollect is not liable for violating 15 U.S.C. 1692e or 1681s-2(b). The court vacates its prior finding of liability under

5

1681s-2(b). (Docket Entry No. 82).

SIGNED on March 4, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge